UNITED STATES DISTRICT COURT
for the
District of North Dakota

| | |
|---|---|
| Jennifer Wilkie, Personal Representative For the Estate of Damien Wilkie, <br><br> Plaintiff, <br><br> vs. <br><br> United States of America <br><br> Defendant. | Case No. <br><br> COMPLAINT FOR WRONGFUL DEATH |

**Jurisdiction and Venue**

1. This is a civil action for wrongful death and survival damages arising under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1346(b)(1) because the claims seek money damages against the United States for personal injury and death caused by the negligent or wrongful acts of federal employees acting within the scope of their employment, under circumstances where a private person would be liable under the laws of the State of North Dakota.

2. Venue is proper in the District of North Dakota pursuant to 28 U.S.C. § 1402(b) because the acts and omissions giving rise to this claim occurred in North Dakota, within the exterior boundaries of the Fort Berthold Indian Reservation (Mountrail County), and Plaintiff resides in North Dakota.

3. Plaintiff has exhausted all required administrative remedies. In accordance with 28 U.S.C. § 2675(a), Plaintiff Jennifer Wilkie (as personal representative of the Estate of Damien Justin Wilkie) timely filed a written administrative tort claim with the U.S. Department of the Interior on July 22, 2024, detailing the circumstances of her son's death and claiming damages. The Department of the Interior, through the Bureau of Indian Affairs, denied the claim by letter dated February 19, 2025.

4. The Defendant in this action is the United States of America, which is the only proper defendant for claims under the FTCA. The claims asserted are authorized by 28 U.S.C. § 2674, which waives the sovereign immunity of the United States for personal injury or death caused by the negligence of federal employees acting within the scope of their employment, to the same extent a private person would be liable under state law. None of the statutory exceptions to FTCA liability set forth

in 28 U.S.C. § 2680 apply to this action. In particular, the "discretionary function" exception (28 U.S.C. § 2680(a)) does not apply because the conduct at issue violated specific mandatory policies and involved operational negligence rather than permissible policy judgment, as detailed herein.

5. Plaintiff expressly pleads that the acts and omissions complained of were not discretionary policy decisions, but rather failures to adhere to mandatory safety rules and established correctional standards. The Bureau of Indian Affairs ("BIA") has promulgated *mandatory* detention policies and standards for facilities operated under its authority (see 25 C.F.R. Part 10 (now reserved)). Those standards, including the BIA Office of Justice Services Corrections Handbook and Adult Detention Facility Guideline, require detention staff to perform thorough intake searches of all detainees and to conduct frequent monitoring and safety checks of inmates. The detention officers had no discretion to ignore or deviate from these prescribed duties. The negligence alleged in this case (failing to properly search and supervise a detainee) represents a breach of clear directives and routine operational tasks, not a discretionary policy decision. Accordingly, the discretionary function exception does not bar this suit.

## Parties

6. **Plaintiff:** Jennifer Wilkie is the mother of the decedent, Damien Justin Wilkie, and she is the duly appointed personal representative of the Estate of Damien Justin Wilkie. She brings this action on behalf of the Estate and for the benefit of the heirs of the decedent pursuant to N.D. Cent. Code § 32-21-01. Jennifer Wilkie is a resident of the State of North Dakota. As personal representative, she has standing to pursue claims for the wrongful death of her son and to pursue survival claims that belonged to her son prior to his death.

7. **Decedent:** Damien Justin Wilkie ("Damien" or "Mr. Wilkie") was a 28-year-old (approximately) enrolled member of the Three Affiliated Tribes (Mandan, Hidatsa, and Arikara Nation) at the time of his death. He was in the custody of a tribal detention facility located on the Fort Berthold Reservation in North Dakota when he died on October 16, 2022. He is survived by his mother (Plaintiff) and other close family members who were dependent on or beneficiaries of his support, love, and companionship.

8. **Defendant:** The Defendant is the United States of America. The Gerald "Tex" Fox Justice Center ("GTFJC") is an adult correctional facility located at 603 1st Street South, New Town, North Dakota, operated by the Three Affiliated Tribes under a self-determination contract (a "638 contract") with the Bureau of Indian Affairs, U.S. Department of the Interior. At all times relevant, the correctional officers and staff at GTFJC were employees of the Tribes or Tribal organization carrying out this BIA contract. Pursuant to federal law (25 U.S.C. § 5321(d), formerly 25 U.S.C. § 450f), employees of a tribal organization carrying out a self-determination contract are deemed to be federal employees for purposes of FTCA liability, when acting within the scope of their employment in performing the contract. Accordingly, the detention officers and personnel involved in the events described below are considered "employees of the United States" under 28 U.S.C. § 2671. The United States is therefore vicariously liable for their negligence in the same manner as if they were direct employees of a federal agency (in this case, the BIA Office of Justice Services). No other proper defendant exists, as the FTCA provides an exclusive remedy.

## Factual Background

9. **Detention of Damien Wilkie:** On or about October 15, 2022, Damien Justin Wilkie was placed into custody at the Gerald "Tex" Fox Justice Center (GTFJC), a tribal detention facility on the Fort Berthold Reservation. Mr. Wilkie had been arrested and remanded to this facility, which holds individuals either awaiting tribal court proceedings or serving tribal sentences. At the time of his intake into GTFJC, Mr. Wilkie was in the legal care, custody, and control of the detention center and its staff, who assumed a duty to safeguard his health and safety.

10. **Failure to Search for Contraband:** Upon admission to the facility, GTFJC staff were required to conduct a thorough search of Mr. Wilkie's person and belongings to prevent the introduction of contraband (including illegal drugs) into the jail. Such intake searches, including pat-down searches, property inventory, and, as warranted, a strip search, are standard, mandatory procedures designed to protect inmates from self-harm and prevent overdoses or violence. Despite this duty, the staff at GTFJC negligently failed to perform an adequate search of Mr. Wilkie. As a result, Mr. Wilkie was able to bring a quantity of dangerous illicit drugs (believed to be opioids/fentanyl or a similar narcotic substance) into the holding cell or dormitory area with him. This breach of protocol directly created a hazard to Mr. Wilkie's life.

11. **Failure to Monitor and Supervise:** In addition to searching inmates upon intake, detention officers must continuously supervise and periodically check on individuals in custody to ensure their well-being. Applicable BIA detention standards and facility policies (including any post orders at GTFJC) mandate regular safety checks of inmates, for example, visual observation at least every half-hour under normal circumstances, and as frequently as every 15 minutes for detainees who are intoxicated, exhibiting symptoms of distress, or otherwise at risk. These checks are critical for timely intervention if an inmate shows signs of medical crisis (such as a drug overdose). On the night of October 15-16, 2022, GTFJC officers negligently failed to conduct proper monitoring of Mr. Wilkie. He was left unobserved for an extended period, and the staff did not perform the required periodic checks that would have likely discovered his condition before it was too late.

12. **Overdose and Collapse:** Sometime during his detention on the night of October 15 or the early hours of October 16, 2022, Damien Wilkie ingested the drugs he had in his possession. Unbeknownst to staff (due to their failure to search him), Mr. Wilkie had access to these narcotics in his cell. He either consumed them intentionally or they were accidentally absorbed (for instance, if hidden in a body cavity or in clothing). The drug or drugs in question caused Mr. Wilkie to suffer a severe toxic reaction and overdose. As the overdose progressed, Mr. Wilkie would have experienced increasing distress, symptoms may have included dizziness, confusion, difficulty breathing, and loss of consciousness. For a significant period, he remained in his cell in medical peril without any officer noticing or rendering aid, because the mandatory inmate welfare checks were not being done timely or at all.

13. **Discovery of Unresponsive Inmate:** Eventually, an officer or staff member discovered Mr. Wilkie unconscious and unresponsive in his cell (the exact time is currently unknown to Plaintiff, but it was on the morning of October 16, 2022). Upon discovery, Mr. Wilkie was not breathing and had no pulse. Detention staff initiated or called for emergency medical assistance. Despite

efforts to resuscitate him, Mr. Wilkie could not be revived. He was pronounced dead on October 16, 2022. The cause of death was later determined to be acute drug overdose. On information and belief, investigators recovered from Mr. Wilkie's belongings or person residual quantities of a controlled substance, confirming that the contraband had been in his possession while in custody.

14. **Pain and Suffering Prior to Death:** Before losing consciousness, Mr. Wilkie endured conscious pain, suffering, and terror as the overdose took effect. Although he ultimately lapsed into unconsciousness, there was a period during which he was aware of the physical harm occurring, he experienced the onset of overdose symptoms such as chest pain or the sensation of suffocation as his respiratory system was depressed by the opiate. This conscious pre-death suffering is a harm for which his Estate seeks recovery in this action. Additionally, even after he was found, Mr. Wilkie's body sustained further insult and handling in the failed resuscitation attempt, though these efforts were too late.

15. **Result of Negligence:** Mr. Wilkie's death was preventable. Had GTFJC staff fulfilled their non-discretionary duties, Damien Wilkie would not have died on that day. If a proper intake search had been conducted, the drugs would have been confiscated and kept out of his reach. If proper monitoring and timely cell checks had been done, the staff would have observed signs of distress in time to intervene (for example, by administering Narcan (naloxone) or summoning medical help before respiratory arrest occurred). The failure of the officers to carry out these basic duties amounted to a breach of the standard of care owed to a detainee like Mr. Wilkie. Their negligence directly and proximately caused Mr. Wilkie's injury and death.

16. **Mandatory Policies and No Immunity:** The acts and omissions described above violate not only common-sense correctional practices but also explicit BIA policies governing detention operations. The BIA's Corrections Handbook and Adult Detention Guidelines include specific rules (marked "(M)" for mandatory) requiring that *all* arrestees be thoroughly searched prior to admission, and that *all* inmates be regularly observed and accounted for. By failing to adhere to these mandatory directives, the GTFJC staff stepped outside any protected discretionary role. These failures were ministerial and operational in nature. At no point did the officers exercise a protected policy judgment in deciding not to search or not to check on Mr. Wilkie; rather, they simply failed to do their jobs properly. As such, the United States cannot escape liability by claiming any form of discretionary function or immunity. Under the FTCA, the United States is answerable for this negligence in the same manner a private jail operator would be under North Dakota law.

17. **Damages to Plaintiff and Heirs:** Damien Wilkie was a beloved son, family member, and community member. As a result of his wrongful death, his survivors have suffered profound losses. Plaintiff Jennifer Wilkie, as his mother, has endured extreme mental anguish, grief, and the loss of the society, companionship, advice, comfort, and affection of her son. Mr. Wilkie's wrongful death has also resulted in economic losses, including but not limited to funeral and burial expenses, and the loss of the financial support and household contributions that Mr. Wilkie would have provided to his family had he lived. These damages are being sought through the wrongful death claim in this action. Additionally, Mr. Wilkie's Estate has incurred and will incur expenses and losses, and is entitled to compensation for the conscious pain and suffering Damien experienced prior to death, as well as any other damages he personally sustained (such as medical expenses associated with

the emergency response, if any). Plaintiff seeks all allowable damages under North Dakota law to fully compensate for the harm caused by Defendant's negligence, as detailed in the counts below.

### Count I: Wrongful Death – Negligence

18. **Incorporation of Allegations:** Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

19. **Wrongful Death Cause of Action:** Pursuant to North Dakota's wrongful death statute, N.D. Cent. Code § 32-21-01, whenever the death of a person is caused by a wrongful act, neglect, or default such that the decedent would have been entitled to maintain an action and recover damages had death not ensued, the person or entity who caused the death is liable in a wrongful death action. Plaintiff Jennifer Wilkie, as personal representative of her son's estate and for the benefit of the heirs at law, is authorized to bring this wrongful death claim under N.D. Cent. Code § 32-21-03.

20. **Duty and Breach:** The detention officers and staff at GTFJC owed Damien Wilkie a duty of reasonable care to protect him from harm while in custody. This duty included, at a minimum: (a) conducting an appropriate search of Mr. Wilkie's person and possessions upon intake to remove any dangerous contraband; and (b) providing adequate supervision and periodic safety checks of Mr. Wilkie during his detention, particularly given the known risk of drug or alcohol intoxication among arrestees. These duties are mandated by widely accepted correctional standards and specific BIA policies, and there was no discretion to ignore them. The GTFJC staff, acting within the scope of their employment (and thus implicating the United States under the FTCA), breached their duty of care through acts and omissions constituting negligence, including but not limited to: failing to properly search Mr. Wilkie and thereby allowing him to retain drugs; failing to recognize or inquire into Mr. Wilkie's potential intoxication or medical needs at booking; failing to observe or monitor Mr. Wilkie at the required intervals; and failing to timely render aid or seek medical attention when Mr. Wilkie was in distress.

21. **Causation:** The negligence of the detention facility staff was the direct and proximate cause of Damien Wilkie's death. But for the staff's failure to confiscate the drugs, Mr. Wilkie would not have been able to ingest a lethal substance in custody. But for the staff's failure to monitor him, Mr. Wilkie's overdose would have been detected in time for life-saving intervention. The harm to Mr. Wilkie (his suffering and death by overdose) was a foreseeable result of leaving an arrestee unchecked with access to narcotics. Indeed, the very purpose of intake searches and frequent checks is to prevent exactly this kind of tragedy. The Defendant United States, standing in the shoes of its employees, had a duty to foresee and guard against the risk that a detainee might overdose if not properly searched or supervised. The breach of duty allowed the worst outcome to occur.

22. **Damages (Wrongful Death):** As a result of the wrongful death of Damien Wilkie, his heirs and next of kin (including Plaintiff) have suffered and will continue to suffer damages cognizable under North Dakota law. These damages include: the loss of Damien's life itself and the enjoyment of it; the loss to his family of his companionship, comfort, advice, guidance, and society; the mental anguish, grief, and emotional pain suffered by the surviving family members; the loss of the financial support, contributions, and services that Damien would have provided (including lost

future earnings and household services, to the extent applicable); and expenses such as funeral and burial costs. Plaintiff seeks all such wrongful death damages against the United States. Under the FTCA, the United States is liable to the same extent a private person would be under state law for these losses. No punitive damages are sought (and none are permitted under 28 U.S.C. § 2674), but Plaintiff does seek full compensatory damages for both economic and non-economic harm caused by Defendant's negligence, in an amount to be determined at trial (not to exceed the amounts specified in the Prayer for Relief below).

### Count II: Survival Action – Negligence

23. **Incorporation of Allegations:** Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

24. **Survival of Decedent's Personal Claim:** In addition to the wrongful death claim, North Dakota law provides that a decedent's own cause of action for injuries suffered prior to death survives and may be prosecuted by the personal representative of the estate. N.D. Cent. Code § 28-01-26.1 (the survival statute) states that no cause of action is extinguished by the death of a party, and the deceased person's claim continues as an asset of the estate. Accordingly, Plaintiff Jennifer Wilkie, as personal representative, brings this survival cause of action on behalf of the Estate of Damien Justin Wilkie to recover the damages that Damien himself sustained prior to his death, which he would have been entitled to recover had he lived. This includes compensation for his conscious pain and suffering and other personal injuries and losses endured by Mr. Wilkie before death.

25. **Personal Injury to Decedent and Duty of Care:** Prior to succumbing, Mr. Wilkie suffered personal injury caused by the negligence of the GTFJC staff. The duty of care described in Count I (¶ 20) is incorporated here: the officers owed Mr. Wilkie the duty to keep him reasonably safe while in custody. This duty was breached by the same acts of negligence previously outlined (failure to search, failure to monitor, etc.). For purposes of the survival claim, the focus is on the injury *to Mr. Wilkie himself* prior to death. Mr. Wilkie was owed the duty to be protected from foreseeable harm (like an untreated overdose) and to receive timely care. The breach of that duty caused him to endure physical pain, fear, and injury while he was still alive.

26. **Causation of Pre-Death Injuries:** As a direct result of the negligent acts and omissions of Defendant's employees, Mr. Wilkie experienced significant injury and suffering before he died. He became gravely ill due to the overdose in custody. Evidence will show that Mr. Wilkie was conscious and in distress for a period of time, aware that he could not breathe properly and that his life was in danger. This horrific experience – essentially dying alone on a cell floor from poison that should never have been with him – was caused by the detention staff's failures. Their negligence proximately caused Mr. Wilkie's pre-death pain and injury just as it caused his death. If not for that negligence, Mr. Wilkie would not have experienced the agony and terror of an untreated overdose; he would have received help and likely survived. Thus, Defendant is liable for the injury to Mr. Wilkie's person, not just the fact of his death.

27. **Damages (Survival Action):** The Estate of Damien Wilkie, through Plaintiff as personal representative, seeks recovery of all damages Mr. Wilkie could have claimed had he lived. This

includes non-economic damages for the conscious pain, suffering, mental anguish, and loss of enjoyment of life that Mr. Wilkie experienced between the onset of his medical distress and the time of his death. Mr. Wilkie suffered physically and emotionally as he overdosed; the estate is entitled to compensation for that suffering. It also includes any economic damages Mr. Wilkie incurred prior to death, such as medical expenses for emergency treatment (if any were billed), and any loss of income or earning capacity attributable to the injury (for example, if he was permanently injured, which in this case tragically culminated in death on the same day). While the death followed shortly after the injury, the law recognizes even a brief period of conscious suffering as compensable. These survival damages are distinct from (though overlapping with) the wrongful death damages, in that they are sustained by Mr. Wilkie himself and thus recoverable by his estate. Under the FTCA, the United States is liable for these personal injury damages as if the decedent were suing in his own right.

28. **Scope of Employment and FTCA Coverage:** At all times relevant to Count I and II, the officers and employees whose negligence caused the harm were acting within the scope of their employment in furtherance of the detention/correctional services contract between the Three Affiliated Tribes and the BIA. Their acts therefore render the United States liable under the doctrine of respondeat superior as applied through 28 U.S.C. § 2674. This includes any direct negligence of federal agencies or officials in training, supervising, or staffing the facility as well (if evidence shows such direct negligence). However, Plaintiff's claims are fundamentally grounded in vicarious liability for the on-duty detention officers' negligence.

29. **No Discretionary Immunity (Reiterated):** To the extent necessary, Plaintiff reiterates that the conduct here was operational negligence in carrying out mandatory safety measures. The discretionary function exception does not shield failures to perform mandatory inmate searches and safety checks, which involve no element of social, economic, or political policy judgment. These were routine duties governed by policy, and the employees had no rightful option to forgo them. Therefore, this Court has jurisdiction over the claims and the United States is answerable in damages.

## Prayer for Relief

WHEREFORE, Plaintiff, on behalf of herself and the Estate of Damien Justin Wilkie, respectfully requests that the Court enter judgment in her favor and against the Defendant, United States of America, awarding:

1. **Compensatory damages** in an amount of $1,000,000.00 or to be determined at trial for economic and non-economic losses, including but not limited to:
    - Loss of financial support and services;
    - Funeral and burial expenses;
    - Conscious pain and suffering experienced by Damien Wilkie prior to death;
    - Mental anguish and loss of companionship suffered by surviving family members;
    - All other damages allowable under North Dakota law and proven at trial;

2. **Costs and interest**, including reasonable costs of court and any applicable post-judgment interest as permitted by law;
3. **Such other and further relief as the Court deems just and proper.**

**Demand for Bench Trial:** Plaintiff hereby demands that this action be tried to the Court sitting without a jury, pursuant to 28 U.S.C. § 2402 (providing that cases under the FTCA are to be tried by the Court without a jury). Plaintiff respectfully requests a bench trial on all issues so triable.

Dated: September 12, 2025

Respectfully submitted,

| | |
|---|---|
| /s/: Brandon M. Lommen | /s/: Reed A. Soderstrom |
| **Brandon M. Lommen (ND#08155)** | **Reed A. Soderstrom (ND#04759)** |
| Co-Counsel for Plaintiffs | Co-Counsel for Plaintiffs |
| Lommen Law, PLLC<br>215 N. 3rd St. Ste. 204a<br>Grand Forks, ND 58203 | Soderstrom Law, P.C.<br>P.O. Box 1985<br>Minot, ND 58701 |